## Johnson v. Benjamin Franklin Hotel Co.

*William Henry Snyder, Jr.*, for plaintiff.

*Sundheim, Folz, Kamsler & Goodis*, for defendant.

OLIVER, P. J., July 22, 1942.—On May 8, 1942, plaintiff filed a bill in equity for discovery. Thereafter, on June 4, 1942, defendant filed an answer raising preliminary objections to the bill. Though entitled to amend her bill as of course (Equity Rule 49), plaintiff

nevertheless elected to stand upon the bill as originally filed. It was not until June 29, 1942, that defendant ordered the case upon the argument list for hearing. At the hearing, held the following day, plaintiff contended that defendant had failed to comply with the provisions of Equity Rule 49, hence, in accordance with the terms of that rule, the preliminary objections must be deemed to have been waived.

With this contention we agree. Equity Rule 49 provides:

"If defendant objects by answer [raising preliminary objections to the bill] . . . plaintiff may within ten days after the filing of such answer amend as of course, in such a way as he may consider necessary to obviate the objections. If no amendment is made, defendant may rest on his original objections, or if amendments are made and defendant thinks the bill as amended is still open to objection he may either stand on the objections already filed or supplement them; and, within ten days after expiration of the time for amendments, defendant may order the case upon the argument list for hearing. *If this course is not pursued all objections will be deemed finally waived,* and defendant must answer within an additional ten days under penalty of having the bill taken *pro confesso.*" (Italics supplied.)

This rule, which has the effect of statute, is clear and mandatory in its terms. Pursuant thereto defendant's preliminary objections must be deemed waived, for obviously the case was not ordered upon the argument list within the prescribed time: Hindes v. Monongahela Connecting R. R. Co., 77 Pitts. L. J. 534, 535 (1928); Friedberg v. Roy B. & L. Assn., 15 D. & C. 125 (1931); Eichman v. Johnson, 25 Northamp. 181 (1935), followed in City of Bethlehem v. Druckenmiller, 27 Northamp. 356 (1940); Zanin v. Forlin et al., 4 Sch. Reg. 35 (1936). See also Marcinkowski v. McDevitt, 26 D. & C. 670 (1936); but see Acacia Mu-

194

tual Life Assn. v. Smith et al., 18 D. & C. 619 (1932).

We are not unaware of the proposition that, in a case where the chancellor is convinced that strict application of one of the Equity Rules will result in hardship and injustice, he may disregard its provisions in the interest of equity. In this case, however, we are not convinced that hardship or injustice will result from enforcement of the rule according to its terms. It is not as though a *final decree* were being entered against defendant purely as a result of its default in not ordering the case upon the list for hearing. Defendant may still file an answer to the merits; and this, we conclude, affords it adequate opportunity to assert such defenses as it may have against the present bill. However, that answer must be filed within 10 days hereof, lest the bill be taken pro confesso.

*Order*

And now, July 22, 1942, defendant's preliminary objections are dismissed, and defendant is ordered to file an answer to the merits within 10 days from date hereof, under penalty of having the bill taken pro confesso.